UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


MICHAEL MARTORAL

                                                          PRISONER
   v.                           CASE NO. 3:02cv12 (AWT)(DFM)

CITY OF MERIDEN, ET AL.


**RULING AND ORDER**

    The plaintiff filed this civil rights action on July 23, 2002.  At that time, he was incarcerated at the Northern Correctional Institution in Somers, Connecticut.  On September 23, 2004, defendant Thode filed a motion for summary judgment.  On October 15, 2004, the court issued an Order of Notice to Pro Se Litigant directing the plaintiff to respond to the motion for summary judgment by November 4, 2004, and informing him that his failure to respond to the motion might lead to the court's granting the motion, entering judgment in favor of the defendant, and closing the case.  On November 2, 2004, the plaintiff sent a letter to the court informing the Clerk that he had received the notice and that he had been transferred to Osborn Correctional Institution.  The plaintiff also informed the Clerk that he was to be released from prison on December 30, 2004.  On November 23, 2004, the court issued a Second Order of Notice to Pro Se Litigant directing the plaintiff to respond to the motion for summary judgment on or before December 23, 2004 and informing him that his failure to respond to the motion might lead to the

court's granting the motion, entering judgment in favor of the defendant, and closing the case. To date, the plaintiff has failed to comply with the orders.

Department of Correction officials have verified that the plaintiff was released from prison on December 30, 2004. The plaintiff has failed to file a notice of change of address or contact the court in any manner since his release.

Rule 83.1(c)2 of the Local Civil Rules of the United District Court for the District of Connecticut requires any party appearing pro se to keep the court advised of his or her current address in Connecticut "where service can be made upon him or her in the same manner as service is made on an attorney." In addition, on August 12, 2002, the court issued a notice informing the plaintiff that if his address changed at any time during the pendency of this case, he must file a written notice of his new address with the court.

To date, the plaintiff has failed to respond to two court orders directing him to respond to the motion for summary judgment and has failed to file a written notice of his current address where he may be served with documents in this case as required by Local Rule 83.1(c)2, D. Conn. L. Civ. R.

Pro se plaintiffs must be granted "special leniency regarding procedural matters". LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citation

omitted).

> [A] district court contemplating dismissing a
> plaintiff's case, under Rule 41(b), for failure to
> prosecute must consider: (1) the duration of the
> plaintiff's failures, (2) whether plaintiff had
> received notice that further delays would result in
> dismissal, (3) whether the defendant is likely to be
> prejudiced by further delay, (4) whether the district
> judge has taken care to strike the balance between
> alleviating court calendar congestion and protecting a
> party's right to due process and a fair chance to be
> heard . . . and (5) whether the judge has adequately
> assessed the efficacy of lesser sanctions.

Id. (internal quotation marks, brackets, and citation omitted). Here, with respect to the first factor, the motion for summary judgment was filed on September 23, 2004, so the plaintiff was required to respond by October 14, 2004. When no response was filed, the plaintiff was notified that he was then required to respond to the motion for summary judgment by November 4, 2004, which was four months ago. In addition, the plaintiff has failed to advise the court as to his new address notwithstanding the fact that he was sent a special notice informing him of this requirement in August 2002. This additional failure, coming on the heels of the November 2, 2004 letter from the plaintiff and his discharge from prison on December 30, 2004, tends to suggest that the plaintiff may have lost interest in prosecuting this case.

In addition, as to the second factor, the plaintiff here received two detailed notices dated October 15, 2004 and November 23, 2004 that failure to respond to the motion for summary

judgment might result in his losing the case.  (See Doc. Nos. 34 and 35.)  As to the third factor, since it is unclear whether the plaintiff will ever pursue this case, there is some slight prejudice to the defendants in having to continue to monitor this case, although certainly it does not appear to be significant.

As to the fourth factor, the court has attempted to protect the plaintiff's right to due process and a fair chance to be heard by dismissing the plaintiff's case without prejudice and by making it clear that if he files a motion to reopen the case demonstrating good cause for failing to respond to the motion for summary judgment and includes a proposed response to the motion for summary judgment and a written notice of address, the case will be reopened.

Finally, as to the fifth factor, while deeming the statements in the defendant's Rule 56(a)1 statement to be admitted is sometimes suggested as an alternative, here the court views dismissing the case without prejudice as actually being a lesser sanction because it gives the plaintiff an opportunity, if he in fact wishes to pursue the case, to come forward and make appropriate submissions to create a genuine issue of material fact.  Thus, under the present scenario, the plaintiff would actually have an opportunity to contest whether summary judgment should be granted as opposed to being deemed to have admitted facts that most likely would lead to summary judgment being

granted.  Therefore, on balance, the court concludes that it is most appropriate to dismiss this case without prejudice.

Accordingly, this case is hereby **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See LeSane, 239 F.3d at 209 ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute.")  The defendants' Motions for Summary Judgment [**Doc. Nos. 33 and 36**] are hereby **DENIED** as moot.  If the plaintiff chooses to file a motion to reopen this case, he shall demonstrate in that motion good cause for failing to respond to the motion for summary judgment at the time he was ordered to do so, and the motion shall be accompanied by a proposed response to the motion for summary judgment and a written notice of change of address.

The Clerk is directed to close this case.

It is so ordered.

Dated at Hartford, Connecticut this <u>7th</u> day of March 2005.

                                             /s/
                                    Alvin W. Thompson
                               United States District Judge